IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RONNY GENE SMITH, | § | |
| TDCJ No. 01722493, | § | |
| | § | |
| V. | § | W-23-CV-156-ADA |
| | § | |
| BOBBY LUMPKIN. | § | |

**ORDER**

Before the Court is Petitioner Ronny Gene Smith's petition for writ of habeas corpus. In his petition, Smith alleges his appointed counsel failed to appear at his April 5, 2011, bond-reduction hearing, resulting in him being sentenced without counsel present, which violated his right to a fair trial and due process of law. He further argues that the language of 28 U.S.C. § 2255 precludes any application of a time-bar and that his case is in the public interest. Smith moves for the assignment of a magistrate judge as well as the appointment of counsel. (ECF No. 1.)

Smith has filed several other challenges to his criminal conviction. *See*, e.g., *Smith v. Lumpkin*, No. 6:22-cv-340-ADA (W.D. Tex., Apr. 5, 2022); *Smith v. Stephens*, No. 6:14-cv-019-ADA (W.D. Tex. Oct. 20, 2016). On September 28, 2022, the Fifth Circuit cautioned Petitioner that "future frivolous, repetitive, or otherwise abusive challenges to his convictions in this court or any court subject to this court's jurisdiction will subject him to additional and progressively more severe sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. Smith is INSTRUCTED to review any pending appeals and actions and move to dismiss any that are frivolous." *In*

*re Ronny Gene Smith*, No. 22-50814 (5th Cir. Sept. 28, 2022). Rather than heed the Fifth Circuit's warning, Smith filed the instant petition in this court.[1]

The Court denies Smith leave to file this successive habeas corpus petition. Before a second or successive application for writ of habeas corpus is filed in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). As noted above, Smith previously challenged his conviction and has not obtained the necessary approval from the Fifth Circuit to file a successive petition. Accordingly, Smith's habeas corpus petition is dismissed for lack of jurisdiction.

It is therefore **ORDERED** that Smith's petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

It is further **ORDERED** that all pending motions are dismissed.

It is finally ordered that, to the extent necessary, a certificate of appealability is **DENIED**. This case is hereby **CLOSED**.

SIGNED this 1st day of March, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner was trying to file his pleadings under 42 U.S.C. § 1983 in order to avoid the sanctions order, his challenge to his criminal convictions can only be brought pursuant to a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973).